| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO** | |
| Address:  1437 Bannock Street, #256<br>Denver, Colorado 80202<br>Telephone:  720-865-8301 | DATE FILED: February 28, 2018 8:51 AM<br>FILING ID: 11B7B192987C2<br>CASE NUMBER: 2018CV30726 |
| **Plaintiff:  INEZ GONZALES**<br><br>v.<br><br>**Defendant:  LIBERTY MUTUAL INSURANCE COMPANY** | |
| | ▲  **COURT USE ONLY**  ▲ |
| Attorneys for Plaintiff:<br><br>Name(s):  David E. McDivitt, #38286<br>Stephen Longo, #45348<br>Thomas J. Dwyer, #15569<br>Firm:  MCDIVITT LAW FIRM, P.C.<br>Address:  19 East Cimarron Street<br>Colorado Springs, CO  80903<br>Phone Number:  (719) 471-3700<br>Fax Number:  (719) 471-9782<br>E-Mail Address:  litigation@mcdivittlaw.com | Case Number:<br><br>Div/Ctrm: |
| **COMPLAINT** | |

COMES NOW Plaintiff who states and alleges as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff is an individual and resident of the State of Colorado.

2.    Defendant Liberty Mutual Insurance Company is a corporation doing business in the State of Colorado

3.    Venue is proper herein pursuant to C.R.C.P. 98.

4.    This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5.    On or about July 3, 2015, Plaintiff was traveling eastbound on Colorado 50 Business Loop at Milepost 4 in unincorporated Pueblo County.  An underinsured tortfeasor was going the same direction on the same street behind Plaintiff, following Plaintiff.  As Plaintiff slowed to make a right turn onto a private drive, the underinsured tortfeasor negligently rear-ended Plaintiff's vehicle.

Exhibit B

6.     Plaintiff was injured as a result of the collision.

7.     On July 3, 2015, Plaintiff was insured by Defendant including underinsured motorist coverage.

8.     Plaintiff was not negligent on the occasion in question.

9.     No third party caused, or contributed to the cause of, the accident and Plaintiff's injuries, damages, and losses.

10.    Following the collision, Plaintiff received treatments for injuries to her fractured right wrist, low back pain, and neck pain.  Plaintiff ultimately incurred about $23,500 of medical bills.

11.    Plaintiff submitted her claim to Defendant in a timely manner.

12.    Plaintiff has cooperated with Defendant in its investigation of her claim.

13.    Plaintiff settled her claim against the tortfeasor who had a $100,000 bodily injury coverage with USAA Insurance.

14.    Defendant gave consent expressly or by implication to that bodily injury settlement with USAA.

15.    Plaintiff submitted a request for an underinsured motorist evaluation to Defendant.

16.    Defendant has failed to make any offer to Plaintiff from her underinsured motorist benefits, indicating by letter of September 15, 2017 that Plaintiff was fully compensated by the underlying bodily injury settlement with USAA since that policy contained $100,000 of coverage.

17.    In subsequent letters, Plaintiff sought explanations for Defendant's evaluation.

18.    Defendant wrote letters and/or emails attempting to explain the evaluation.  Part of the explanation was that the total billed amounts of the bills submitted were not given full credit.  It was explained that this was because of an "audit."  The audit accepted or rejected some of the bills.

19.    The audit also apparently repriced some of the bills based on customary charges.  When asked for explanation, Defendant would only say that the vendor who decided the re-pricing and their methodology for doing so was proprietary, and thus Plaintiff had no right to know.

20.    Upon information and belief, Defendant's failures in Plaintiff's case fail to meet the standard set forth in their own claims handling manual.

21.    Defendant has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT-UIM BENEFITS)

45.     Plaintiff incorporates all prior allegations as though fully set forth herein.

46.     Sometime prior to the accident, Plaintiff entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy included coverage for claims involving underinsured motorists.  At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

47.     Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

48.     Plaintiff is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

49.     Plaintiff is entitled to be compensated by Defendant for all damages incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the underinsured motorist coverage of the policy to the extent to which the claims are worth more than $100,000.

## SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM
### UNDER C.R.S. § 10-3-1116)

50.     Plaintiff incorporates all prior allegations as though fully set forth herein.

51.     Defendant has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

52.     Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation due and which Defendant should have previously paid.

53.     In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered, unpaid, delayed or denied underinsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

54.     Plaintiff incorporates all prior allegations as though fully set forth herein.

55.     Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

56.     Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a)     Compelling this Plaintiff to institute litigation to recover amounts due to her under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

    (b)     Favoring the interests of Defendant, an insurer, over those of Plaintiff, an insured, to whom Defendant owes fiduciary and statutory duties;

    (c)     Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist;

    (d)     Failing to consider the full amount of Plaintiff's medical bills;

    (e)     Incompetently evaluating Plaintiff's claim; and

    (f)     Failing to give a reasonable explanation for its reduction of the bills in the context of a compromise offer of settlement.

57.     Defendant's actions were unreasonable.

58.     Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

59.     As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

    a.     Being forced to incur additional costs in litigation;

    b.     Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and

    c.     Being deprived of the use of funds that would otherwise be used for such things as medical treatment.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in the investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted this 28th day of February, 2018.

THE McDIVITT LAW FIRM

By: _____
Thomas J. Dwyer
Counsel for Plaintiff

**Plaintiff's Address:**
1325 Cody Avenue
Pueblo, CO 81001